The BOARD OF EDUCATION OF the CITY OF VINITA, Oklahoma, and Vernon Barnes, Superintendent of Schools, City of Vinita, Oklahoma, Independent School District No. 65, Craig County, Oklahoma, Plaintiffs in Error,

v.

The CITY OF VINITA, Oklahoma, upon the relation of John B. DENNEY, Harold Johnson, Opal Thompson, Troy Holston and Tom Brookshire, residents, citizens and taxpayers of the City of Vinita, Oklahoma, and John B. Denney, Harold Johnson, Opal Thompson, Troy Holston and Tom Brookshire, residents, citizens and taxpayers of the City of Vinita, Oklahoma, in their own behalf and in behalf of all others similarly situated, Defendants in Error.

No. 39450.

Supreme Court of Oklahoma.

Sept. 18, 1962.

Pitcher & Logan, Vinita, for plaintiffs in error.

Wheatley & Wheatley, Vinita, for defendants in error.

WELCH, Justice.

The defendant Board of Education of the City of Vinita decided to close the Riverside Elementary School and assign the pupils to other schools in the system.

Plaintiffs in their petition allege, in substance, that they are resident taxpayers and that they bring this action upon their relation to the City of Vinita and all other persons similarly situated; that the closing of the school building, without notice to plaintiffs, was the result of an arbitrary and capricious action by the defendants.

The trial court rendered judgment in favor of the plaintiffs enjoining the Board of Education and Superintendent of Schools from doing any act toward closing of Riverside School Building.

We are impressed with defendants' contention that there is no sufficient justification for the trial court judgment, either in fact or law.

In Brooks v. Shannon et al., 184 Okl. 255, 86 P.2d 792, this court pointed out that Boards of Education in Independent School Districts in cities are, by virtue of statute, now 70 O.S.1961 § 4–22, authorized and empowered to, not only maintain and operate the school system, but to dispose of property no longer needed, and to designate the schools to be attended by the children of the district.

The second and third paragraphs of syllabus of such case are:

"The Board of Education in Independent School Districts in cities of the first class have the legal right, power and authority to abandon one or

more of the elementary schools composing the school system of the district, when such Board of Education, after careful consideration, has reached the conclusion that the best interest of the entire school system would result in such abandonment and assignment of students attending such school to other schools in the system.

"Where Boards of Education in Independent School Districts act within the limits of the power conferred upon them, their discretion cannot be interfered with by injunction, unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion; and this general rule applies, although the discretion may be widely exercised."

■ In determining the degree of discretion exercised by the defendants in the instant situation we have reviewed the evidence.

At the trial the evidence disclosed that instruction in grades one to four had been carried on in the concerned building; that the continued use of it would require the expenditure of money for repairs and maintenance, including a new roof, some redecorating and rewiring; that if these expenditures were made the building would still have but four classrooms; that there was no cafeteria in the building and students must be transported to cafeteria facilities at another school by school bus; that 27 of the 113 pupils in attendance at the school were transported to and from it by school bus and approximately half of the remaining number lived in areas south of the Frisco railroad, leaving but forty to fifty pupils actually resident in the area north of the Frisco railroad served by the school building; that other buildings of the school system could adequately accommodate the entire enrollment of Riverside School. As a matter of economy, the board of education had decided to transfer all students enrolled in the Riverside School to other schools of the system.

In opposition to this evidence it was shown that the removal of Riverside School from the area would leave one of four distinct parts of the City of Vinita without any school, thereby affecting a peculiar and unfair lessening of property values in the area; that the cost of repairs to the building were not prohibitive when compared with costs of maintenance of school buildings elsewhere in the system; that the pupils who resided in the area would have to cross the railroad tracks to attend school, with consequent danger to their safety.

It might be said that the closing of any school in a city would to some extent affect the lessening of property values in the area and that increasing the travel distance of some pupils would produce some added travel hazard, but these items, as well as the other items of contention, can have but little weight against the actions of the Board of Education when it has fully and fairly considered the matter and in its discretion has concluded to close a certain school, where such action is not so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion.

There is nothing in the record sufficient to demonstrate that the Board of Education abused its discretion in closing Riverside Elementary School, or that it did other than that which the members thereof, collectively, thought was for the best interest of the school system. Under the authority of 70 O.S.1961 § 4-22, Boards of Education had the power to close the school building and to transfer the pupils to other schools of the system in the exercise of discretion, and it does not appear that the defendants abused such authority in the situation concerned. It follows that the injunction ought not to have been granted.

The judgment of the trial court is reversed and remanded, with directions to vacate the injunction.